MARY H. STARLING *v.* E. L. STARLING'S ASSIGNEE.

[Abstract Kentucky Law Reporter, Vol. 2—384.]

**Construction of Will.**

> A testator bequeathed his property of every description to his wife for and during her widowhood, to go at her death to his daughter by her and in equal shares to such other children as might be born to them. If his widow should remarry then he gave her one-third of all his property, and the two-thirds to go to said daughter and other children if there were any. If his daughter then living and all other children which he might have by said wife should die unmarried and before attaining the age of twenty-one years, then he willed that the remaining two-thirds devised to them should vest in his son by a former marriage, or if he should be dead, to his children. The widow never remarried and the daughter died in infancy leaving no issue, and no other children were born to said testator and his wife. It was held that the son became vested with the fee simple and absolute title to all the property, subject to the life estate of the widow and subject to be defeated as to one-third thereof only, by the marriage of said widow, and that the son was seized of a vested interest in remainder, the extent thereof only being subject to a contingency.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

April 12, 1881.

OPINION BY JUDGE HINES:

A determination of this case depends upon the construction of the fourth clause of the will of Lynn Starling, which is as follows:

"All the rest and residue of my estate, real, personal or mixed, in expectancy, or enjoyment in possession, remainder or reversion of whatsoever kind or character it may be, and wheresoever situated, whether in or out of Kentucky, and however its kind or character may be altered or changed by my executors under the

provisions of this will, I do hereby devise, will and bequeath to my beloved wife, Mary H. Starling, for and during her widowhood, and at her death to my daughter, Anna Mariah Starling, and such other child or children as I may have by my said wife, Mary H. Starling, in equal shares, and to their or any of their heirs per stirpes. And if my said wife shall again marry, then I devise, will and bequeath to her in her own absolute right the one-third equal part of all my estate, or its avails, if sold by my executors, and the other two-thirds immediately upon said marriage of my said wife is to pass and be vested in said Anna Mariah Starling and my other children by my said wife, in the manner aforesaid; and if the said Anna Mariah, and all other children which I may have by my said wife, Mary, shall die unmarried and before she or they attain the age of twenty-one years, then and in that event my will and desire is that my said last mentioned two-thirds of my estate above devised to them shall pass and be vested in my son, Edmon S. Starling, or his child or children if he be dead, leaving issue, and if he die without issue and before he is twenty-one years old, then the said two-thirds of my estate is to pass and be vested in heirs general. But if any one or more of my children by my said wife, Mary H. Starling, shall die without issue, unmarried and intestate, then the whole share of the child or children so dying shall be vested in my surviving child or children by my said wife, Mary, subject to the restrictions and conditions last aforesaid. It is my further will and desire that the one-third of my estate hereinbefore devised to my said wife, Mary H. Starling, shall be held, used and enjoyed by her absolutely free from the control of any husband she may hereafter have, and free from all responsibility for the debts or contracts of my said wife's husband or husbands, and that she may dispose of the same or any part thereof by will or apportionment in writing, in any way she may choose."

The child, Anna Mariah, mentioned in the will, died in infancy and without issue. There were no other cdildren by Mary H. Starling by her marriage with Lynn Starling, the E. L. Starling mentioned in the will being a son of Lynn Starling by a former marriage. E. L. Starling is over twenty-one years of age, married and has children, and Mary H. Starling remains a widow.

Under a proceeding by the assignee in insolvency of E. L. Starling to subject his interest in certain real estate and bank stock, the court adjudged that Mrs. Mary H. Starling took only a life interest

in the real estate and in the personalty, and directed a sale of the interest in remainder of E. L. Starling, and enjoined the bank and Mrs. Mary H. Starling from disposing of or transferring the bank stock.

This decree we think is unquestionably correct. E. L. Starling took a vested, vendible interest in remainder in all the property, one-third by inheritance and two-thirds by devise, subject to the life estate of Mary H. Starling, and subject to be defeated as to one-third only by the marriage of Mary H. Starling. There is certainly a vested interest in remainder, the extent of that interest only being subject to a contingency. Whatever that interest may be it is a present interest, and the purchaser takes the remainder subject to have it cut down one-third by the marriage of Mrs. Starling. No sale can be made that will interfere with the beneficial use of the life estate by Mary H. Starling, but in order to protect the interest in remainder it was proper to enjoin the transfer or disposition of the bank stock, leaving Mrs. Starling with the dividends. This power in a court of equity to thus interpose in the administration trusts is too familiar to require citation of authorities or argument to support it.

Judgment *affirmed*.

*John T. Bunch, for appellant.*

*M. Yeoman, for appellee.*